# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 0 1998

Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>§<br>§<br>Plaintiff-Respondent, §<br>§<br>§<br>vs. §<br>§<br>§<br>JUAN RAUL GARZA, §<br>§<br>Defendant-Movant, §<br>§<br>§<br>§<br>§ | DOCKET NO. B-97-273 |

## DEFENDANT'S RULE 60(b) MOTION
## FOR RELIEF FROM JUDGMENT

Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, the

Defendant-Movant JUAN RAUL GARZA asks this Court for relief from

judgment due to surprise, mistake, inadvertence, or excusable neglect. Specifically,

Mr. Garza asks this Court, in the interest of justice, to reopen the final judgment

entered on April 9, 1998, and give him a reasonable opportunity to respond to the

Government's answer. Mr. Garza received the Government's answer on the very

1

same day the Court denied Mr. Garza's motion to vacate his sentence and motion for a new trial under 28 U.S.C. § 2255. Consequently, Mr. Garza never had the opportunity to *read* the Government's answer -- let alone prepare a response -- before judgment was entered. Accordingly, he asks this Court to reopen the judgment and grant him a reasonable opportunity to respond.

## Argument

### RULE 60(b) PROVIDES THE COURTS WITH AN EQUITABLE, DISCRETIONARY POWER TO RELIEVE LITIGANTS FROM THE BURDEN OF JUDGMENTS ENTERED BECAUSE OF MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT.

### A.    The Purpose of Rule 60(b)

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that, "[o]n motion and upon such terms as are just, the court may relieve a party...from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. PROC. 60(b)(1). The rule permits the trial court to "correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977). Consequently, Rule 60(b) "prevent[s] the unnecessary wasting of energies by both appellate courts and litigants." *Oliver v. Home Indemnity Co.*, 470 F.2d

2

7

329, 330-31 (5th Cir. 1972). Rule 60(b) should be "liberally construed so that doubtful cases may be resolved on the merits." *Hibernia Nat'l Bank v. Administration Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see Fackelman*, 564 F.2d at 736-37 (noting that Rule 60(b) is "a flexible tool designed to do substantial justice"); *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965) (noting that "the rule is broadly phrased and many of the itemized grounds are overlapping, freeing courts to do justice in hard cases"). Although the goal of preserving the finality of judgments is important, "the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981); *see Thurman v. FDIC*, 889 F.2d 1441, 1446 (5th Cir. 1989).

The Fifth Circuit has held that, in addition to a mistake by the moving party, Rule 60(b) contemplates relief from judgment due to judicial error, inadvertence, or oversight. *Oliver*, 470 F.2d at 330. Significantly, the Advisory Committee Note to the 1946 amendment of the rule stated that "[t]he qualifying pronoun 'his' has been eliminated on the basis that it is too restrictive, and that

3

the subdivision should include the mistake or neglect of others which may be just as material and call for just as much supervisory jurisdiction as where the judgment is taken against the party through *his* mistake, inadvertence, etc."
Advisory Comm. Note to 1946 amendment of Rule 60(b) (emphasis in original).

## B.    The Lack of Time to File a Response

Over four months passed between the time Mr. Garza filed his section 2255 motion on December 1, 1997, and the time the Government filed its answer on April 9, 1998.  On the day the Government filed its answer, the Court denied relief.  Mr. Garza also received the Government's answer on the very day relief was denied.  Consequently, he never had an opportunity to respond.  Counsel for Mr. Garza were completely surprised by the immediate denial of relief.  In fact, undersigned Counsel was in the midst of preparing a notice of intent to file a response to the Government's answer when he received the Court's order.  Clearly, Mr. Garza's failure to respond is not attributable to any inexcusable neglect or affirmative tactical decision by Counsel.

## C.    Relief from the final judgment is appropriate in Mr. Garza's case.

The Fifth Circuit has set out several factors that a district court should consider when deciding a Rule 60(b) motion:

(1) That final judgments should not be lightly disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether -- if the judgment was a default or dismissal in which there was no consideration of the merits -- the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether -- if the judgment was rendered after a trial on the merits -- the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Hester Internat'l Corp. v. Federal Republic of Nigeria*, 879 F.2d 170, 174 (5th Cir. 1989) (citations omitted).

Applying these factors to the circumstances of Mr. Garza's case reveals that this Court should grant relief from judgment. First, because he submits this motion within a reasonable period of time after the entry of the final judgment, there can be no suggestion that he is using the Rule 60(b) motion as a substitute for appeal. In fact, Mr. Garza is filing this motion well within the thirty-day period required for a timely Notice of Appeal.

Second, although this Court rendered its judgment on the merits of the claims contained in Mr. Garza's section 2255 motion, he did not have an opportunity to respond to the arguments the Government presented in its answer. As the Fifth Circuit has recognized, "Truncated proceedings...are not favored, and Rule 60(b)

40

will be liberally construed in favor of trial on the full merits of the case." *Seven Elves, Inc.*, 635 F.2d at 403; *see Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992). Summary dispositions are especially disfavored in death penalty proceedings, because the penalty of death is qualitatively different from any other sentence. The United States Supreme Court "has gone to extraordinary measures to ensure that the prisoner sentenced to be executed is afforded process that will guarantee, as much as is humanly possible, that the sentence was not imposed out of whim, passion, prejudice, or mistake." *Eddings v. Oklahoma*, 455 U.S. 104, 118 (1982) (O'Connor, J., concurring); *see Turner v. Murray*, 476 U.S. 28, 35 (1986) (recognizing that "the qualitative difference of death from all other punishments requires a correspondingly greater degree of scrutiny of the capital sentencing determination"); *Beck v. Alabama*, 447 U.S. 625, 638 (1980) (noting that, because death is different, "we have invalidated procedural rules that tended to diminish the reliability of the sentencing determination"). Allowing Mr. Garza the opportunity to respond to the Government's answer will inevitably enhance the reliability of this Court's review of his capital conviction and death sentence.

Finally, other equities militate in favor of relief: (1) Granting relief from the final judgment will not prejudice any intervening rights of the Government; and (2)

any further delay imposed by allowing Mr. Garza a reasonable opportunity to respond will be minimal. Balanced against these factors is the desirability of preserving the finality of judgments. Although finality is an important consideration, it must yield to the equities of this death penalty case.

## CONCLUSION

Mr. Garza asks that this Court grant him relief from the final judgment entered in this case on April 9, 1996, by reopening the proceedings and giving him a reasonable opportunity to prepare a response to the Government's answer.

Respectfully submitted,

Greg Wiercioch

| | |
|---|---|
| Steven C. Losch | Gregory W. Wiercioch |
| 906 Delia Drive | 412 Main Street, Suite 1150 |
| Longview, Texas 75601 | Houston, Texas 77002 |
| 903-234-1373 | TEL (713) 222-7788 |
| | FAX (713) 222-0260 |

Counsel for Juan Raul Garza

7

## CERTIFICATE OF SERVICE

I hereby certify that on this _17TH_ day of April 1998, a true and correct copy of the foregoing pleading was served upon opposing counsel by depositing the same with Federal Express for overnight delivery to:

Paula C. Offenhauser
Assistant United States Attorney
910 Travis, Suite 1500
Houston, Texas  77208

*Greg Wiercioch*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff-Respondent, | § § | DOCKET NO. B-97-273 |
| vs. | § § § | |
| JUAN RAUL GARZA, | § § § | |
| Defendant-Movant, | § § § § | |

## ORDER

Juan Raul Garza's Rule 60(b) motion for relief from judgment is

GRANTED. He shall have fourteen days from the entry of this order to file a

response to the Government's answer.

Dated this _____ day of _____ 1998.

Hon. Filemon B. Vela
U.S. DISTRICT COURT

4