United States District Court
Southern District of Texas
FILED

APR 29 1998 #6

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| vs. | § | CRIMINAL NO. B-93-009 |
| | § | |
| JUAN RAUL GARZA, | § | |
| Defendant-Movant. | § | |
| (CIVIL ACTION NO. B-97-273) | § | |

**UNITED STATES' RESPONSE TO DEFENDANT-MOVANT'S
RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT;
UNITED STATES' REQUEST FOR CERTIFICATE OF
APPEALABILITY DETERMINATION**

The United States of America, Plaintiff-Respondent, by the United States Attorney for the

Southern District of Texas, responds to Movant Garza's motion for relief from judgment pursuant

to FED. R. CRIM. P. 60(b).   Additionally, the United States requests this court to make a

certificate of appealability determination.

1.   On August 9, 1998, this court denied Garza's motion to vacate sentence under 28 U.S.C.

§ 2255.   Under the Antiterrorism and Effective Death Penalty Act, an appeal to the court of

appeals may not be taken from the final order in a 28 U.S.C. § 2255 proceeding unless a circuit

justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  The Fifth Circuit

has interpreted this provision as authorizing the district courts to make a determination of

appealability in the first instance. *Else v. Johnson*, 104 F.3d 82 (5th Cir. 1997).   A certificate

of appealability may issue only if the applicant has made a substantial showing of the denial of a

constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998); *Lucas v. Johnson*,

132 F.3d 1069, 1072 (5th Cir. 1998).  The statute mandates that if a court determines a certificate

of appealability should issue, the court "shall indicate which issue or issues satisfies" the

substantial showing of the denial of a constitutional right requirement." 28 U.S.C. S 2253(c)(3); *Cannon*, 134 F.3d at 685.

For the reasons set forth in the United States' answer and motion to deny relief under Rule 8(a), 28 U.S.C. Foll. § 2255, and supporting brief, Garza has failed to make a substantial showing of the denial of a constitutional right. This standard requires a movant to demonstrate that the issues presented are debatable among jurists of reason. *Turner v. Johnson*, 106 F.3d 1178, 1186 (5th Cir. 1997). The fact that a movant is under sentence of death alone does not suffice to justify issuing a certificate. *Id.*

2.    In his motion for relief from judgment, Garza contends that this court erred in failing to grant him an opportunity to reply to the United States' motion to dismiss under Rule 8(a). This issue was fully addressed in *Turner*, 106 F.3d at 1184-85, a death penalty case addressing the requirements under 28 U.S.C. § 2254, the parellel state habeas provision. This circuit has held that while there is no technical requirement for notice prior to every dismissal of a habeas petition under Rule 8(a), FED. R. CIV. 56(C) is applicable to habeas corpus proceedings. "[D]ismissal under Rule 8(a) 'may not transpire on the basis of the non-pleading factual showing of one party, without notice to the other and an opportunity to respond by controverting factual showing.'" 106 F.3d at 1185 (citing *Norman v. McCotter*, 765 F.2d 504 (5th Cir. 1985). The failure to give notice, however, is subject to harmless error analysis. *Id.* Referring to *Dillard v. Blackburn*, 780 F.2d 509 (5th Cir. 1986), *Turner* clarified that there is clearly no requirement for notice prior to every dismissal of a habeas petition and whether notice is required before summary dismissal must be determined on a case-by-case basis:

Many habeas cases can be resolved on issues that are fully determinable from the record and from the law. The question facing us is whether the district court was required to give Dillard ten days' notice before dismissing the petition. To resolve this question we look to the purpose and effect of the Rule 56(c) notice provision and ask whether Dillard has suffered any disadvantage by not having been given specific notice that his habeas petition might be dismissed finally as a summary judgment.

106 F.3d at 1185. Notice "is not required in habeas cases where the petitioner never claims the benefit of notice, never claims to have been disadvantaged by the lack of notice, and where the court is satisfied that he has not been so disadvantaged." *Id.* (citing *Dillard*, 780 F.2d at 515).

3.    As *Turner* further clarifies, the purpose of the Rule 56(c) notice provision "is to give the nonmoving party a reasonable opportunity to submit opposing material to create a genuine issue of material fact." *Id.* The claims raised by Garza in this instance are issues which may be decided based on application of well established law. His legal analysis is set forth fully in his opening petition and the United States' arguments are legal responses to those arguments. Garza did not request an evidentiary hearing and raised no issue which would merit holding one. Garza does not establish how he has been disadvantaged by the lack of Rule 56(c) notice other than to argue that he had been deprived of it.

Thus, there appears no judicial error, inadvertence, or oversight in this court's summary dismissal of Garza's petition to justify application of Rule 60(b)(1). If this court is satisfied that Garza has not been disadvantaged, then the relief he requests is not merited. Otherwise, the proper disposition of Garza's motion falls within the discretion of this court.

Respectfully submitted,

JAMES H. DEATLEY
United States Attorney

PAULA C. OFFENHAUSER
Assistant United States Attorney
910 Travis, Suite 1500
P. O. Box 61129
Houston, Texas 77208-1129
(713) 567-9102

## CERTIFICATE OF SERVICE

I, Paula C. Offenhauser, Assistant United States Attorney, certify that a copy of this answer, motion to deny relief and supporting brief has been served by placing it in the United States mail, postage prepaid, on April 24, 1998, addressed to:

Mr. Steven C. Losch
906 Delia Drive
Longview, Texas 75601

Mr. Gregory Wiercioch
412 Main St.
Houston, Texas 77002

PAULA C. OFFENHAUSER
Assistant United States Attorney

-4-

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| VS. | § | B-97-273 |
| | § | |
| JUAN RAUL GARZA | § | |
|     Defendant-Movant. | § | |
| | § | |

## ORDER

Before this Court is the Defendant Juan Raul Garza's Motion for Relief from Judgment under FED. R. CIV. P. 60(b)(1).   After having reviewed said Motion and the briefs of all parties, this Court finds that the Defendant is not entitled to the relief sought.

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Garza raises no issue which is debatable among jurists of reason; he therefore has failed to make the necessary showing for a certificate of appealability.

Accordingly it is ORDERED, ADJUDGED and DECREED that the Defendant's Motion for Relief from Judgment under FED. R. CIV. P. 60(b)(1) should be and is hereby DENIED.  After careful review of the facts and authorities, this Court finds that a certificate of appealability should not be issued.

Done this _____ day of April, 1998, in Brownsville, Texas.

_____
Filemon B. Vela
United States District Judge

8