U.S. COURT OF APPEALS
**FILED**

JAN 14 1999

CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED

JAN 2 0 1999

Michael N. Milby
Clerk of Court

**UNITED STATES COURT OF APPEALS**
For the Fifth Circuit

---

No. 98-40977

---

United States of America,

Plaintiff-Appellee,

VERSUS

Juan Raul Garza,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before DAVIS, SMITH, and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant-Appellant Juan Raul Garza has applied for a certificate of appealability ("COA") to challenge the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. For reasons that follow, his application for a COA is denied.

I.

The factual and procedural history of this case was discussed in detail in our previous opinion on direct appeal. See United States v. Garza, 63 F.3d 1342 (5th Cir. 1995). Therefore, only those parts of the history immediately relevant to Garza's application for a COA are set forth here.

In July 1993, a federal jury convicted Garza of operating a continuing criminal enterprise ("CCE"), three counts of killing in

furtherance of the CCE, and five violations of drug and money laundering laws. At sentencing, the Government introduced aggravating factors evidence of four unadjudicated murders in Mexico in which Garza was involved. The jury sentenced Garza to death for the three counts of killing in furtherance of the CCE, and to prison terms for the other crimes.

Garza's conviction and sentence were affirmed by this Court on direct appeal in a lengthy written opinion. Id. Garza petitioned for rehearing, and rehearing was denied. United States v. Garza, 77 F.3d 481 (5th Cir. 1995) (table). Garza then petitioned the Supreme Court for a writ of certiorari, which was denied. United States v. Garza, 117 S. Ct. 87 (1996). In December 1997, Garza filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied relief. United States v. Garza, Civil Action No. B-97-273 (S.D. Tex. filed April 9, 1998). Garza then filed a motion for relief from judgment under FED. R. CIV. P. 60(b) and a separate motion to alter and amend judgment under FED. R. CIV. P. 59(e). The district court denied both motions, and denied Garza a COA. Garza subsequently filed a notice of appeal and the present application for a COA.

II.

This Court may not take an appeal from the denial of a 28 U.S.C. § 2255 motion unless either the district court or this Court issues a COA. 28 U.S.C. § 2253(c)(1)(B). The standard we follow in determining whether to issue a COA is set forth in the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. §§ 2241 et seq. To obtain a COA, Garza must make a substantial showing

2

of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d 429, 431 n. 1 (5th Cir. 1998). Garza need not establish that he will win on the merits in order to obtain a COA; he need only demonstrate that the questions he raises are debatable among reasonable jurists. United States v. Rocha, 109 F.3d 225, 227 n. 2 (5th Cir. 1997).

### III.

Garza raises two constitutional questions in his application for a COA.[1] First, he argues that this Court violated his Eighth Amendment right to meaningful appellate review. He contends that the violation occurred when this Court affirmed his death sentence on direct appeal without addressing his challenge to the sentencing evidence regarding his involvement in the four unadjudicated murders in Mexico. He cites this Court's "meticulous" review of all other issues as evidence that the Court overlooked the challenge to the aggravating factors evidence, thereby denying him his constitutional right to full consideration of every issue raised on review. We disagree.

A litigant's right to have all issues fully considered and ruled on by the appellate court does not equate to a right to a

---

[1] Garza also argues as a preliminary matter that the district court's order should be remanded because the district court did not give him notice and opportunity to respond to the Government's answer under FED. R. CIV. P. 56(c), and because the district court did not make findings of fact and conclusions of law under 28 U.S.C. § 2255. These arguments are unpersuasive. The text of 28 U.S.C. § 2255 expressly authorizes the district court to dispose of a motion summarily where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." That is plainly what happened here. The fact that the Government filed an answer on its own initiative does not deprive the district court of its statutory authority to dispose of a meritless motion summarily.

full written opinion on every issue raised. <u>United States v. Pajooh</u>, 143 F.3d 203, 204 (5th Cir. 1998). Even though this Court did not expressly discuss Garza's challenge to the aggravating factors evidence, the issue nonetheless received full consideration and a ruling. This is apparent from the Court's opinion on direct review. The opinion begins with a clear, general finding of "no reversible error" affirming both Garza's conviction and his sentence. <u>Garza</u>, 63 F.3d at 1351. Moreover, the opinion specifically states with respect to the aggravating factors evidence that "Garza has shown no error." <u>Id.</u> at 1364. Each of these statements is broad enough to encompass Garza's challenge to the aggravating factors evidence.[2] It is evident that the Court simply felt that the argument did not merit individual attention. We therefore conclude that Garza has failed to make a substantial showing that his right to meaningful appellate review was denied.

Second, Garza argues that he was denied due process of law at the punishment stage of his trial. This argument again centers on the aggravating factors evidence of Garza's involvement in the four unadjudicated murders in Mexico. Garza contends that he did not have a fair opportunity to deny or explain the Government's evidence, because he had no right to compulsory process or subpoena in Mexico and therefore no ability to procure favorable witnesses or to protect against the suppression, destruction, or fabrication

---

[2]    Garza challenges the phrase "no reversible error" as inadequate, and urges that we require the following language instead: "We reject all of the claims and all of the remaining claims." We decline to require such talismanic formalities. The Court's finding of "no reversible error" was sufficient to indicate full consideration of all issues raised on appeal.

of evidence by Mexican authorities. Garza further contends that the Government had a duty under the due process clause to use its power to obtain exculpatory evidence that Garza could not subpoena from the Mexican government, and to disclose that evidence to Garza. This argument is unconvincing.

Under <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963), the Government is required to turn over to a defendant any exculpatory or impeachment evidence in the Government's possession. Here, the Government turned over to Garza every document that it received from Mexico, including the police reports, investigative reports, and certified translations of the autopsy reports. Garza was given express notice that the Government intended to rely on the extraneous murders at sentencing, was provided full pretrial discovery of all evidence in the Government's possession, and was given the opportunity to cross-examine all witnesses presented by the Government at sentencing. There is no question, and indeed Garza does not even contest, that the Government satisfied its duty under <u>Brady</u>.

The Government is under no obligation to conduct a defendant's investigation or to make a defendant's case for him. <u>United States v. Aubin</u>, 87 F.3d 141, 148 (5th Cir. 1996). Vague allegations of unidentified favorable witnesses and unspecified exculpatory evidence simply will not suffice to show a violation of due process. Garza has therefore failed to make a substantial showing that his right to due process of law was denied.

IV.

For the reasons stated above, no jurist of reason could find

5

that Garza was denied his constitutional rights to meaningful appellate review or due process of law. Garza has failed to make a substantial showing of the denial of any constitutional right, so his application for a COA must be

DENIED.

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit

By _____
Deputy
New Orleans, Louisiana

6

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-589-6514
600 CAMP STREET
NEW ORLEANS, LA 70130

January 14, 1999

Mr Michael N Milby, Clerk
Southern District of Texas, Brownsville
United States District Court
500 East 10th and Elizabeth
Room 234
Brownsville, TX 78520

*United States District Court*
*Southern District of Texas*
*RECEIVED*
*JAN 2 0 1999*
*Michael N. Milby, Clerk of Court*

No. 98-40977 USA v. Garza
USDC No.   B-97-CV-273
           B-93-CR-9-1

Dear Mr Milby:

Enclosed is a certified copy of an opinion entered in the appeal above on January 14, 1999.

This terminates the matter in this court.

The record on appeal will be forwarded at a later date.

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: Joseph Armato, Deputy Clerk

Enclosure
cc:  Ms Paula Camille Offenhauser
     Mr Gregory William Wiercioch
     Mr Steven C Losch