IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED  5:10 P.M.
MAY 22 2000
Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA,    )
    Plaintiff/Respondent    )
                        )
                        )  Criminal No. B-93-009
v.    )
                        )  Civil Action No. B-97-273
JUAN RAUL GARZA    )
    Defendant/Movant    )

## REQUEST FOR EXTENSION OF TIME TO RESPOND TO ORDER OF INQUIRY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the United States of America by and through the Department of Justice

and responds to the order of the Court entered May 11, 2000, for the United States to show

cause why an execution date had not yet been set for Juan Raul Garza. The Department of

Justice respectfully shows as follows·

Based on the representations of the Lourdes Mardis, Court Coordinator, the Department

had been proceeding in accordance with the provisions of Federal Rule of Criminal Procedure 45

that provides in relevant part:

> a) Computation. In computing any period of time the day of the act
> or event from which the designated period of time begins to run
> shall not be included. The last day of the period so computed shall
> be included, unless it is a Saturday, a Sunday, or a legal holiday, or,
> when the act to be done is the filing of some paper in court, a day
> on which weather or other conditions have made the office of the
> clerk of the district court inaccessible, in which event the period
> runs until the end of the next day which is not one of the
> aforementioned days. When a period of time prescribed or allowed
> is less than 11 days, intermediate Saturdays, Sundays and legal
> holidays shall be excluded in the computation.

Rule 45 clearly dictates that the time for filing should be correctly computed to terminate on May

25, 2000, by excluding from the computation intervening Saturdays and Sundays. Nonetheless, in a telephone message left after the close of business on Friday, May 19, 2000, the undersigned attorney was informed by Lourdes Mardes that the Judge intended that the Department showing of cause be submitted on May 22.

The Department in consultation with the White House is currently in the process of formulating protocols for implementing federal executions upon the conclusion of § 2255 review. Drafts of those protocols are in the final stages of the review process. The protocol procedures are necessary to the implementation of the execution process, including the review of any clemency petition filed by Garza.

The Department asks the Court to refrain from setting an execution date. The execution date in Garza's case will be the first one scheduled pursuant to a federal judgment in more than three decades In establishing internal Bureau of Prison and clemency protocols, the Department has acted out of concern that, when an execution date is finally set, it be carried out in an appropriate, dignified, and expeditious manner.

Wherefore, premises considered, the Department respectfully requests that the Court accept this showing as good cause for not previously scheduling an execution date for Garza and refrain from independently setting an execution date other than that established by the Department. The Department will further respond to the Court's order on or before May 25, 2000.

Respectfully submitted,

_Ricardo Loa_ For:

Mervyn M. Mossbacker Jr,
United States Attorney
Southern District of Texas

Header, do not file until notified of modifications

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2000, a copy off the foregoing was served on counsel for the defendant by first class mail, postage prepaid, addressed to Gregory Wiercioch, Texas Defender Service, 412 Main Street, Suite 1150, Houston, Texas 77002.

FOR:

Mervyn M. Mossbacker, Jr.