IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**MAY 2 5 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | DOCKET NO. B-97-273 |
| vs. | § | |
| | § | |
| JUAN RAUL GARZA, | § | |
| | § | |
| Defendant-Movant, | § | |

**DEFENDANT'S MOTION TO VACATE EXECUTION DATE**

Defendant Juan Raul Garza asks this Court to vacate its order tentatively scheduling his execution. On May 23, 2000, the Government conveyed to counsel for Mr. Garza that the Court was considering exercising its authority under 28 C.F.R. § 26.3 and setting the execution for August 5, 2000, at 6:00 a.m. Before the Court should exercise that authority, Mr. Garza asks for an opportunity at a hearing to persuade the Court to refrain from setting an execution date at this time.

The setting of an execution date for August 5, 2000, will substantially prejudice Mr. Garza's efforts to obtain executive clemency. His counsel represents a state death row inmate currently scheduled to be executed less than three weeks after Mr. Garza. Since 1994, Gregory W. Wiercioch, Mr. Garza's attorney, has represented Texas death row inmate David Earl Gibbs.

1

On April 10, 2000, the 284th Judicial District Court of Montgomery County, Texas, set Mr. Gibbs's execution date for August 23, 2000, at 6:00 p.m.[1]

The interests of both Mr. Garza and Mr. Gibbs will suffer significantly if counsel is forced to simultaneously litigate these cases in their critical final stages over the next few months. The enormity of the task facing counsel undertaking a national and international campaign to obtain executive clemency for the first prisoner to be executed by the United States Government in nearly forty years cannot be overstated. Consequently, it will be almost impossible for counsel, a staff attorney in a small, non-profit law firm, to devote the necessary time or resources to Mr. Gibbs's case. Several options remain viable in Mr. Gibbs's case that will require counsel to prepare a petition for writ of certiorari to the Texas Court of Criminal Appeals, along with a successive petition for writ of habeas corpus for filing with the United States Court of Appeals for the Fifth Circuit. In sum, if the Court should confirm the tentatively scheduled execution date, counsel will be unable to fulfill his professional responsibility to zealously represent both Mr. Garza and Mr. Gibbs.

In addition to conflicting with counsel's representation of his clients, the setting of an execution date at this time would undermine the orderly review of Mr. Garza's application for executive clemency. As the Government explained in its response filed on May 22, 2000, the Department of Justice is still in the process of formulating protocols dealing specifically with clemency applications in capital cases. Mr. Garza has a substantial interest in ensuring that the Office of the Pardon Attorney, the Attorney General, the White House Counsel's Office, and the

---

[1] For the Court's convenience, a copy of the order setting Mr. Gibbs's execution date is attached as an appendix.

President have an adequate amount of time to review his clemency application. Setting his execution date before these internal procedures and guidelines are in place would hamper Mr. Garza's efforts to convince the President to commute his sentence to life in prison without the possibility of parole. As the commentary to the proposed version of 28 C.F.R. § 26.3 recognizes, vesting the date-setting authority primarily in the hands of the Director of the Federal Bureau of Prisons – who possesses "knowledge of institutional resources and circumstances that might interfere" with setting the date of the prisoner's execution – "makes the Director better suited than a judge to determine the execution date." Role of Director of Bureau of Prisons in Setting Execution Date, 58 Fed. Reg. 4900 (1993) (emphasis in original). The Court's desire to exercise its date-setting authority rather than waiting for the Director to set the date would be more understandable if Mr. Garza's execution were not the first one scheduled for a federal prisoner since 1963. In light of the fact that only six months have passed since Mr. Garza exhausted his final legal remedy, circumventing the clear intent of the Regulations the first time they are applicable seems premature at this point.

Accordingly, Mr. Garza asks the Court to vacate the currently scheduled execution date of August 5, 2000, and hold a hearing so that he can set out in detail his reasons counseling against this Court's exercise of its date-setting authority under 28 C.F.R. § 26.3. In the alternative, if this Court is inclined to exercise its date-setting authority in the absence of a hearing, Mr. Garza asks the Court to set the execution date at least sixty to ninety days after the scheduled execution of David Gibbs on August 23, 2000.

3

Respectfully submitted,

*Greg Wiercioch*

Gregory W. Wiercioch
Texas Defender Service
412 Main Street, Suite 1150
Houston, Texas 77002
TEL (713) 222-7788
FAX (713) 222-0260

Counsel for Juan Raul Garza

## CERTIFICATE OF SERVICE

I, Gregory W. Wiercioch, hereby certify that a true and correct copy of Defendant's Motion to Vacate Execution Date was served on counsel for the Government on this 24th day of May 2000, via First Class United States Mail, addressed to:

Paula Offenhauser
Assistant United States Attorney
P.O. Box 61129
Houston, Texas 77208-1129

*Greg Wiercioch*

4

# APPENDIX

CAUSE NO. 18,387

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| DAVID EARL GIBBS | § | 284TH JUDICIAL DISTRICT |

ORDER SETTING EXECUTION DATE

The Court of Criminal Appeals having affirmed the conviction and sentence of DAVID EARL GIBBS, and having denied Defendant's application for writ of habeas corpus, and it appearing to this Court that there exists no pending action in the courts of this State or the United States, this Court hereby sets an execution date for DAVID EARL GIBBS.

IT IS HEREBY ORDERED that DAVID EARL GIBBS, who has been adjudged to be guilty of capital murder, and whose punishment has been assessed by law in accordance with the verdict of the jury at death, shall, after the hour of 6:00 p.m. on Wednesday, August 23, 2000, at the Texas Department of Criminal Justice, Institutional Division, at Huntsville, Texas, be caused to die by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death into the body of the said DAVID EARL GIBBS until he is dead; and that the Clerk of this Court issue and deliver a death warrant in accordance with this sentence directed to the Director of the Texas Department of Criminal Justice, Institutional Division, at Huntsville, Texas.

SIGNED and ENTERED this _10_ day of _April_ A.D. 2000.

JUDGE PRESIDING
284th Judicial District Court
Montgomery County, Texas

RECEIVED AND FILED
FOR RECORD
At_____O'Clock_____M.

APR 07 2000

BARBA___ ___ _____CK
District ____
MONTGOMERY COUNTY, TEXAS
By_____Deputy

I Hereby Certify This A True Copy As
It Appears Of Record In The District Clerk's Office
Of Montgomery County, Texas.

Witness My Official Seal Of Office In Conroe, Texas
On This The _10_ Day Of _April_, 2000
BARBARA GLADDEN ADAMICK, DISTRICT CLERK
By_____, Deputy