IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| vs. | § | CRIMINAL NO. B-97-273 |
| | § | |
| JUAN RAUL GARZA, | § | |
| Defendant-Movant, | § | |
| | § | |

## UNITED STATES' OPPOSITION TO MOVANT GARZA'S MOTION TO RECONSIDER SETTING EXECUTION DATE

The United States of America, Plaintiff-Respondent, by the United States Attorney for the Southern District of Texas, opposes Defendant Garza's request that this Court reconsider setting an execution date.

1.    **Procedural history.**   Garza was convicted and sentenced to death in the Southern District of Texas for the murders of Thomas Albert Rumbo (count 7), Gilbert Matos (count 8) and Erasmo De La Fuente (count 9) in furtherance of a continuing criminal enterprise in violation of 21 U.S.C. §§ 848(a), 848(c), and 848(e)(1)(A). A judgment of death was entered on August 10, 1993. *United States v. Garza,* Criminal No. B-92-34-1 (S.D. TX 1993).  His convictions and sentence were affirmed on appeal, *United States v. Garza,* 63 F.3d 1342 (5th Cir., Sept. 1, 1995), *reh'g en banc denied,* 77 F.3d 481 (5th Cir., Dec. 15, 1995), and became final on October 7, 1996, the date the United States Supreme Court denied certiorari review.  *United States v. Garza,* 519 U.S. 825, 117 S.Ct. 87 (Oct. 7, 1996), *reh'g denied,* 519 U.S. 1022, 117 S.Ct. 542 (Dec. 2, 1996).

Exhausting his one-year statute of limitation to the day, Garza subsequently petitioned for relief under 28 U.S.C. § 2255 in December 1997.  This Court denied both relief and a certificate of probable cause to appeal in April and May 1998, respectively. *United States v. Garza,* Civil Action

No. B-97-273 (S.D. TX, 1998).   He thereafter requested leave to appeal from the United States Court of Appeals for the Fifth Circuit and was denied leave by that court on January 14, 1999. *United States v. Garza*, 165 F.3d 312 (5th Cir. 1999).  He petitioned for writ of certiorari to the United States Supreme Court, which was denied on November 15, 1999.  *United States v. Garza*, ___ U.S. ___, 120 S.Ct. 3326 (1999).

2.    On May 26, 2000, this Court scheduled Garza's execution for August 5, 2000.  Garza has subsequently requested this Court to reconsider setting his execution date.

3.    This Court's order setting an execution date fully conforms with 28 C.F.R. § 26.3.  Garza does not set forth any viable legal challenge to this Court's authority to set an execution date.  He has not sought to invoke this court's jurisdiction under any recognized legal avenue for challenging the validity of his conviction or sentence.  Nor has he sought permission to file a successive motion to vacate in compliance with 28 U.S.C. § 2255.  Moreover, he has not requested this court enter a stay of execution based on any substantial ground challenging his conviction or sentence.  *Ransom v. Johnson*, 126 F.3d 716, 720 (5th Cir. 1997)(To be entitled to a stay of execution, a death sentenced inmate must demonstrate that there are substantial grounds upon which relief must be granted.) Rather, he asks this court merely to reconsider and defer setting an execution date to permit him additional time to seek clemency.

Mr. Wiercioch's claim that he has been without sufficient time to prepare a clemancy request is not well taken. Mr. Gregory Wiercioch, with the Texas Defender Service, has been representing Garza since November 1997, when he filed the initial motion to vacate sentence before this Court under § 2255. As set out in the procedural history above, the Fifth Circuit denied Garza a certificate of appealability from this court's denial of collateral relief on January 19, 1999, which was 18 months ago. That he delayed pursuing clemency pending the Supreme Court's review of denial of

leave to appeal is a strategy decision made by counsel and one that suggests deliberate delay. Moreover, Mr Wiercioch concedes in his pleading that he obtained the funds for preparing his request in December 1999 and January 2000. Six months is more than a reasonable amount of time to pursue whatever avenue for relief Garza deems appropriate.

4.    Given that Garza has not requested a stay of execution or sought to invoke this Court's jurisdiction under proper channels for attacking the validity of his conviction or sentence but has asked only that this court exercise its discretion to reconsider setting an execution date, addressing the merits of his pleas appears inappropriate. Without waiving its right to insist that Garza invoke proper jurisdictional channels, the United States nevertheless makes several observations to this Court. First, as he notes in his pleading, the Department of Justice has denied his Freedom of Information Act request. The fact that he has sought an appeal of that decision does not constitute a legitimate basis for stay. *Compare Skillern v. Procunier*, 751 F.2d 744 (5th Cir. 1985)(the fact that petitioner was a named plaintiff in a suit upon which the Supreme Court had granted certiorari review did not entitle him to a stay of execution). Second, racial disparity in the imposition of a death sentence is not a novel claim. Garza's pleading on its face fails to comply with the constitutional standards long ago recognized by the Supreme Court in *McCleskey v. Kemp,* 481 U.S. 279, 320, 107 S.Ct. 1756 (1987). Third, the Supreme Court has decided *Ramdass v. Agelone,* ___ S.Ct. ___, 2000 WL 743415 (June 12, 2000), and its holding affords Garza no relief.

Finally, Garza does not demonstrate that a request made by the Inter-American Commission on Human Rights is binding on this Court or the United States. Indeed, at least one circuit has held directly to the contrary. *Roach v. Aiken*, 781 F.2d 379, 380 (4th Cir.), *cert. denied*, 474 U.S. 103, 106 S.Ct. 645 (1986). Moreover, even if a violation of the Commission's tenets were claimed and proven, it would not serve the basis for overturning a final judgment of conviction without some

showing that the violation had an effect on Garza trial. This he cannot demonstrate. The purported violation that he has alleged in his complaint to the Inter-American Commission is that the use of unadjudicated offenses at the punishment phase of his trial was fundamentally unfair because the murder were committed in Mexico. This claim was reviewed and finally resolved against him in his initial § 2255 petition and relief has been denied by all reviewing courts. *Breard v. Green,* 523 U.S. 371, 118 S.Ct. 1352 (1998)(ability to obtain relief based on violations of international law is circumscribed by provisions and limitation of Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 as amended).

5.    For these reasons, the United States Garza's motion to reconsider setting an execution date should be denied.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

RICARDO LARA
Assistant United States Attorney

FOR:

PAULA C. OFFENHAUSER
Assistant United States Attorney
910 Travis Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129
(713) 567-9101

## CERTIFICATE OF SERVICE

I, Paula C. Offenhauser, Assistant United States Attorney, certify that a hard copy and electronic copy of the above brief of Plaintiff-Appellee has been served by placing it in the United States mail postage prepaid, on June 19, 2000, addressed to:

Mr. Gregory W. Wiercioch
412 Main, Suite 1150
Houston, Texas 77002

Ricardo Lara    FOR:
PAULA C. OFFENHAUSER
Assistant United States Attorney