```
                                                      25
                                          U.S. COURT OF APPEALS
                                               FILED
     UNITED STATES COURT OF APPEALS
          For the Fifth Circuit             MAY 30 2001

                                    United States District CHARLES R. FULBRUGE III
                                    Southern District of Texas
                                            FILED            CLERK
              No. 01-40473
                                         JUN 04 2001

                                        Michael N. Milby
IN RE JUAN RAUL GARZA,                  Clerk of Court

                              B-97-273
                                              Movant.
```

B-97-273

MOTION FOR AN ORDER AUTHORIZING THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION,
TO CONSIDER A SUCCESSIVE HABEAS 28 U.S.C. § 2255 APPLICATION

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Juan Raul Garza is scheduled for execution on June 19, 2001. He seeks this court's permission under 28 U.S.C. § 2255 to file a successive motion to vacate his sentence. Because Garza does not meet the standards set forth under that statute, leave to file the successive petition is DENIED.

I.

On July 29, 1993, Garza was convicted by a jury of drug trafficking, money laundering, engaging in a continuing criminal enterprise, and three counts of killing in furtherance of a continuing criminal enterprise. In accordance with the jury's recommendation after a punishment hearing, the district court sentenced Garza to death. This court affirmed the conviction and sentence, United States v. Flores, 63 F.3d 1342 (5th Cir. 1995),

and denied rehearing, United States v. Garza, 77 F.3d 481 (5th Cir. 1995). The facts of Garza's offenses are set forth in that opinion. The Supreme Court denied Garza's petition for writ of certiorari, United States v. Garza, 519 U.S. 825 (1996), and his petition for rehearing, United States v. Garza, 519 U.S. 1022 (1996).

Garza filed his first § 2255 motion to vacate his sentence in 1997. That petition was denied, and this court denied Garza's petition to appeal that decision. United States v. Garza, 165 F.3d 312 (5th Cir. 1999). The Supreme Court denied certiorari. United States v. Garza, 528 U.S. 1006 (1999).

## II.

In order to file a successive petition for review under 28 U.S.C. § 2255, Garza must demonstrate either: "(1) newly discovered evidence that, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255 (2000); Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). Garza's sole claim, which falls under the second prong of the test, is based on the Supreme Court's recent decision in Shafer v. South Carolina, 121 S.Ct. 1263 (2001). Shafer clarified the application of the Supreme Court's earlier decision in Simmons v. South

Carolina, 512 U.S. 154, 114 S.Ct. 2187 (1994), to South Carolina's death penalty procedures. Relying on Shafer, Garza argues that the trial court's failure to instruct Mr. Garza's sentencing jury that the court was required to sentence him to life without the possibility of parole if the jury did not sentence him to death, violated his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. However, Shafer does not create a new rule of constitutional law. Neither does it expressly declare the rule retroactively applicable to cases on collateral review or apply the rule in a collateral proceeding. In re Tatum, 233 F.3d 857, 859 (5th Cir. 2000). In addition, the rule Garza seeks to apply was not "previously unavailable." Garza has already been afforded full review in his original direct appeal of the Simmons claims he seeks to present in this successive motion.

### III.

As Garza has not met the statutory requirements, his motion for authorization to file a successive 28 U.S.C. § 2255 motion is therefore DENIED. We also DENY Garza's motion for stay of execution.*

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _Joseph Ommet_
Deputy
New Orleans, Louisiana

---

*We grant Garza's motion for appointment of counsel.

3

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
RECEIVED

JUN 0 4 2001

Michael N. Milby, Clerk

TEL. 504-589-6514
600 CAMP STREET
NEW ORLEANS, LA 70130

May 30, 2001

Mr Michael N Milby, Clerk
Southern District of Texas, Brownsville
United States District Court
Room 1158
600 E Harrison Street
Brownsville, TX 78520

No. 01-40473  In Re: Garza
USDC No.

Dear Mr Milby:

Enclosed is a certified copy of an opinion-order entered on May 30, 2001. We have closed the case in this court.

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: Joseph Armato, Deputy Clerk

Enclosure

cc: Ms Audrey J. Anderson
    Ms Madelin C. Cohen
    Mr Gregory W. Wiercioch
    Ms Paula Offenhauser