IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,      )
    Plaintiff/Respondent           )
                            )   Criminal No. B-93-009
v.                             )
                            )   Civil Action No. B-97-273
JUAN RAUL GARZA                )
    Defendant/Movant               )

## SUPPLEMENTAL RESPONSE TO ORDER OF INQUIRY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the United States of America and further responds to the order of the

Court entered May 11, 2000 as follows:[1]

By Judgment and Order entered on August 10, 1993, this Court sentenced Juan Raul

Garza to death, and further specified that "[t]he sentence shall be executed on a date and at a

place designated by the Director of the Federal Bureau of Prisons . . . ." Judgment and Order at

2. The conviction and sentence were affirmed on appeal, as were the Court's denial of Garza's

claims for collateral relief. See United States v. Flores, 63 F.3d 1342 (5th Cir. 1995) (affirming

conviction and sentence), cert. denied, 519 U.S. 825 (1996); United States v. Garza, 165 F.3d

312 (affirming denial motion to vacate sentence and certificate of appealability), cert. denied, 120

S.Ct. 502 (1999).

---

[1] On May 22, 2000, the United States filed an initial response to the Court's Order of Inquiry in which it requested an extension of time to and including May 25, 2000, in which to fully respond. That request was based in part on the government's initial belief that the Court had intended the response deadline to be May 25, 2000, pursuant to Federal Rule of Criminal Procedure 45.

As previously noted, the execution of judgment in this case will likely mark the first time that the United States has implemented the death penalty in more than three decades. The government seeks to ensure that this first execution, and those that follow, will be carried out in an appropriate, dignified, and expeditious manner. Accordingly, the Department of Justice has been developing internal protocols for the implementation of federal executions upon the conclusion of § 2255 review, including procedures governing last-minute communications with the Courts and relevant Executive Branch offices, and a detailed technical manual governing the manner and means of carrying out the execution itself. The drafts of those protocols are in the final stages of the review process. The protocols will be designed to allow sufficient time for the Bureau of Prisons to prepare for each execution as well as sufficient time for the submission and review of any petition for executive clemency.

There are also logistical and security considerations that must be taken into account in setting an appropriate execution date. Specifically, it is the view of the Bureau of Prisons that an execution should be scheduled for a day in the middle of the work week rather than a weekend so as to provide the greatest flexibility with respect to ensuring that appropriate staffing is available to carry out the execution and provide adequate security. Such considerations also favor eliminating some specific potential execution dates. For example, on Saturday, August 5, 2000 (a date that the government understands the Court has tentatively selected pending this response), the Bureau of Prisons would also face the unavailability of a person who is not employed by the Bureau of Prisons and who is deemed critically important to carry out the execution. This person is scheduled to be out of the country on August 5 but will return on August 8, 2000 and be available thereafter. Further, because there are a number of steps that the designated United

2

States Marshal must ensure have been accomplished before carrying out the execution, there should be no legal requirement that the execution be carried out at a particular hour.

Taking into account all of the considerations set forth above, as well as the considerations set forth in the Defendant's Motion To Vacate Execution Date served on counsel for the government on May 24, 2000, we agree that the Court should convene a hearing to determine an appropriate date for the execution of sentence. If the Court convenes such a hearing, a representative of the Federal Bureau of Prisons will be present to advise the Court whether there are logistical concerns that should be taken into account with respect to any specific dates that will be considered.

Wherefore, the United States respectfully requests that the Court convene a hearing to determine an appropriate date for the execution of sentence.

Respectfully submitted,

Mervyn M. Mossbacker Jr.,
United States Attorney
Southern District of Texas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May, 2000, a copy off the foregoing was served on counsel for the defendant by first class mail, postage prepaid, addressed to Gregory Wiercioch, Texas Defender Service, 412 Main Street, Suite 1150, Houston, Texas 77002.

Mervyn M. Mossbacker, Jr.